# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| DREDEN DUMAS, § § | |
| Plaintiff, § § | **CIVIL ACTION NO. 5:20-CV-00018-RWS** |
| v. § § | |
| CHAKA RICKS, ET AL., § § | |
| Defendants. § § | |

## ORDER

Plaintiff Dreden Dumas, an inmate proceeding *pro se* but not *in forma pauperis*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge.

On July 22, 2020, the Magistrate Judge entered an order granting Plaintiff's motion for leave to amend his complaint and directing that he filed the amended complaint within 30 days. The Magistrate Judge also directed Plaintiff to request issuance of summons for each named Defendant at the time he filed his amended complaint. The Magistrate Judge set out Fed. R. Civ. P. 4(m) and explained the procedure for effecting service of process, stating the time for service of process on the Defendants would be set at 90 days following the filing of the amended complaint.

Plaintiff filed his amended complaint on September 1, 2020. However, he did not request issuance of summons at the time of filing his amended complaint or at any time thereafter, despite the fact he filed notices on September 8, September 10, September 30, October 13, and October 26, 2020, and letters on December 7, 2020 and January 4, 2021. None of these notices contained any mention of summons.

On January 5, 2021, the Magistrate Judge entered a Report recommending the lawsuit be dismissed without prejudice for failure to effect service of process and for failure to prosecute or to obey an order of the Court. The Magistrate Judge observed Plaintiff had not requested issuance of summons despite having contacted the Court multiple times after filing his amended complaint, and the statutory 90 day period for effecting service of process, set out in Fed. R. Civ. P. 4(m), expired on December 1, 2020.

Plaintiff filed objections to the Report on January 19, 2021. In his objections, he argues he "attempted to contact the Clerk of Court to request an issuance of summons and that a correctional officer must have not delivered the letter to the mailbox on accident or due to prejudice." He asks that summons be issued, even though his time for effecting service of process has already expired.

Plaintiff's contention that he attempted to contact the Clerk to request issuance of process, but a guard must have not delivered his letter, is not credible. The Magistrate Judge's order directed that he request issuance of process at the time he filed his amended complaint. Plaintiff filed his amended complaint on September 1, but did not include a request for process with this complaint. He knew that he had not received the summons from the Clerk, but never notified the Court or requested re-issuance of process despite contacting the Court six separate times during the 90 days between the filing of his amended complaint and the expiration of the statutory period for service. Plaintiff has not shown good cause for failing to effect service of process within the statutory period and his objections are without merit. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511-12 (5th Cir. 2013) (dismissal for failure to effect service of process upheld despite plaintiff's claim that he had good cause for delay of service in that he suffered from mental illness, he originally proceeded *in forma pauperis*, and he did not understand that he himself could not serve process on the defendants).

Following his objections, Plaintiff filed a motion asking to add a letter he wrote to the Hon. Nelva Gonzales Ramos, U.S. District Judge for the Southern District of Texas, to his objections in this case. The letter complains of the conditions of confinement at the Telford Unit and asks Judge Ramos to grant him injunctive relief, although she is not a judicial officer in the case. Plaintiff also filed a motion asking for issuance of summons, although his statutory time for effecting service of process expired on December 1, 2020.

Plaintiff's letter adds nothing to his objections to the Magistrate Judge's Report recommending dismissal for failure to effect service of process and failure to comply with an order of the Court. He was advised in July of 2020 that he had to request issuance of summons and that he had 90 days from the filing of his amended complaint in which to serve process on the defendants, and he did not do so despite filing his amended complaint on September 1, 2020. The time set out in Fed. R. Civ. P. 4(m) for effecting service has elapsed and Plaintiff has not shown good cause for an extension. *See Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (good cause under Rule 4(m) is at least as much as excusable neglect, and inadvertence, mistake, or ignorance of the rules normally do not suffice).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 32) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process and failure to prosecute or to obey an order of the Court. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 26th day of February, 2021.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE